# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH QUATES,** | ) |
| Petitioner, | ) ) ) |
| v. | )  Case No. 2:17-cv-01561-RDP-JHE |
| **WARDEN WILLIE THOMAS, et al.,** | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

On August 7, 2020, the Magistrate Judge entered a Report and Recommendation (Doc. 13), recommending that the petition for writ of habeas corpus be dismissed with prejudice. On September 3, 2020, Petitioner filed objections.[1] The court has considered the entire file in this action, together with the Report and Recommendation, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.

Petitioner contends the Magistrate Judge "ignored" the point that "no absolute rules dictate what is reasonable performance for lawyers" when addressing his ineffectiveness claim by "ignor[ing]" his hypothetical example of cumulative evidence testimony. (*Id*. at 1-2) (quoting *Chandler v. United State*s, 218 F.3d at 1316, n.20 (11th Cir. 2005)) (internal quotations omitted). However, this court does not make advisory decisions on hypothetical examples, and Petitioner's example, which he states is "[o]bviously" more "egregious" than his trial counsel's alleged ineffectiveness, is not related or analogous to the facts of this case. (*Id*. at 2).

In his objection, Petitioner sets out nearly verbatim the arguments he presented to the Alabama Court of Criminal Appeals regarding uncalled witnesses, arguing that no reasonable

---

[1] Petitioner requested an extension of time to file objections, (Doc. 14), which the Magistrate Judge granted, (Doc. 15).

attorney would have failed to call those witnesses. (*Id.* at 2-3). As the Magistrate Judge stated, "[t]he inquiry is not . . . 'whether counsel's actions were reasonable,' but is instead 'whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.'"[2] (Doc. 13 at 14-15) (quoting *Moody v. Thomas*, 89 F. Supp. 3d 1167, 1199-2000 (N.D. Ala. 2015)). Considering Petitioner's claims through this (the correct) lens, although Petitioner contends the uncalled witnesses would have been more credible in presenting evidence that he concedes was cumulative to evidence introduced at trial, the Alabama Court of Criminal Appeals did not unreasonably apply *Strickland* in finding that this did not amount to unconstitutionally ineffective performance. As to any testimony that was not cumulative, the Alabama Court of Criminal Appeals also did not unreasonably apply *Strickland* in concluding that counsel's failure to introduce this evidence was not ineffective performance, and that in any case Petitioner was not prejudiced by this failure. Petitioner's objection is **OVERRULED**.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be dismissed with prejudice. A separate Order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984) requires a showing (1) that "counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense" because the "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  This court finds Petitioner's claims do not satisfy either standard and his petition is due to be denied.

    A final judgment will be entered.

    **DONE** and **ORDERED** this September 4, 2020.

                                                      **R. DAVID PROCTOR**
                                                     UNITED STATES DISTRICT JUDGE